IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02238-PAB-KMT

PATTI CHAMBLESS,

    Plaintiff,

v.

DEVELOPMENTAL OPPORTUNITIES, INC.,
a nonprofit corporation d/b/a Starpoint,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on defendant's amended motion for attorney's fees for defense of plaintiff's FMLA claim [Docket No. 56]. Defendant seeks "the amount of $763.37 be awarded as reasonable attorney fees for researching and preparing the Motion for Summary Judgment and all further pleading necessarily related thereto in relation to Plaintiff's FMLA claim." Docket No. 56 at 2.

    In its original motion for attorney's fees [Docket No. 54], defendant failed to comply with Local Rule 7.1(A), which provides that the Court "will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter." D.C.COLO.LCivR 7.1(A) ("The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."). In a section of the motion entitled "Certification," defendant asserted that,

"[d]ue to the nature of relief requested herein, undersigned counsel did not confer with Plaintiff's counsel prior to filing this motion, as it is presumed she will object to the same." Docket No. 54 at 1.  As is clear from a reading of the Local Rule, plaintiff did not identify an exception to Local Rule 7.1(A) that excuses its failure to confer.  *See* D.C.COLO.LCivR 7.1(A) (providing that, in addition to motions pursuant to Fed. R. Civ. P. 12 or 56, "[t]his section A. shall not apply to cases involving pro se prisoners").  Consequently, the Court denied defendant's motion without prejudice for failure to comply with Local Rule 7.1(A).  *See* Docket No. 55.

Thereafter, defendant filed its amended motion for attorney's fees.  The only change made by defendant was to replace the title "Certification" with "D. C. COLO.LCivR 7.1.A."  *See* Docket No. 56 at 1.  This does nothing to address the deficiency in defendant's motion.  The Court still does not know whether the parties would be able to "resolve the disputed matter" if defendant was to confer.  Because defendant's renewed motion displays an unwillingness to comply with Local Rule 7.1(A)'s conferral requirement – a requirement specifically cited as the basis for denying its original motion – the Court finds no reason to provide defendant a third bite at the apple.[1]  Therefore, it is

**ORDERED** that defendant's amended motion for attorney's fees for defense of plaintiff's FMLA claim [Docket No. 56] is DENIED with prejudice for failing to comply with D.C.COLO.LCivR 7.1(A).

---

[1]Defendant first sought attorney's fees as part of its reply in support of summary judgment.  The Court did not consider that request because it failed to comply with Local Rule 7.1(C), which provides that a "motion shall not be included in a response or reply to the original motion."  *See* Docket No. 50 at 4.

DATED March 7, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge